IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BETH BOYANTON,** individually, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO. _____ |
| **BBV GARDENDALE PLAZA II, LLC, a domestic limited liability company,** | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Beth Boyanton (hereinafter "Plaintiff" and/or "Ms. Boyanton") hereby sues Defendant, BBV Gardendale Plaza II, LLC, a domestic limited liability company (hereinafter "Defendant"), for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA"), and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"). In support thereof, Plaintiff respectfully shows unto this Court as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the subject matter

1

of this action pursuant to 28 U.S.C. §§§ 1331, 1343(a)(3) and 1343(a)(4) for violations of Title III of the ADA.

2. Venue is properly located in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) based on the fact that the real property that is the subject of this action is located in this district and all events giving rise to this lawsuit occurred in this judicial district.

## PARTIES

3. Plaintiff, Beth Boyanton, is an independent, of age, Alabama resident with a mobility disability that requires her to use a wheelchair for mobility. Plaintiff's condition constitutes a physical impairment which impacts and substantially limits the major life activity of walking. Therefore, Ms. Boyanton qualifies as an "individual with disabilities" as defined by the ADA.

4. In addition to self-advocacy, Ms. Boyanton is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing her civil rights, monitoring, determining, and uncovering discriminatory barriers to equal access for the purpose of ensuring the accessibility of public accommodations for wheelchair users such as herself as mandated by the ADA. Ms. Boyanton's motivation to return to a specific location stems, in part, from her desire to utilize ADA litigation to make areas that she frequents more accessible for herself and others. Having filed this lawsuit, Ms. Boyanton will hereafter

regularly and frequently perform visual inspections of the subject property with the intent to enter, shop and evaluate the site when/if it is repaired and made accessible to wheelchair users as required by the ADA.

5. Defendant, BBV Gardendale Plaza II, LLC, is a domestic limited liability company registered to do business, and is doing business, in the State of Alabama and within this judicial district.

6. Defendant is the owner, landlord or lessor and/or operator, tenant or lessee of the real property and improvements which is the subject of this action. Specifically, Defendant owns and/or operates The Plaza II, a multi-tenant public business plaza located at 550 Fieldstown Road, Gardendale, Alabama, 35071, its attendant facilities, including vehicular parking and exterior paths of travel within the parcel. The subject premises is identified by Jefferson County Assessor's office as Parcel No. 14-00-11-4-010-016.000 (hereinafter the "Subject Property" and/or "Subject Facility" and/or "Subject Premises").

## FACTS

7. The parking facilities, exterior paths of travel, and tenant space entrance/exit doors, are each examples of the services, facilities, privileges, advantages, and opportunities offered to able-bodied patrons of Defendant's Subject Property.

8. Ms. Boyanton resides in Jefferson County, Alabama and only a short distance from the offending Defendant's property location.

9. Prior to and in May 2022 and continuously from that time to the present, the Subject Property has failed to comply with the ADA and its implementing regulations.

10. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and prevented her full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

### ACCESSIBLE PARKING

a. There is no upright signage (displaying the International Symbol of Accessibility) designating any parking spaces as accessible in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff to suffer feelings of isolation, social exclusion, and loss of opportunity.

b. No accessible parking spaces or access aisles are provided, or alternatively, the paint striping and upright signage that once delineated and identified the accessible parking space and access aisle have not been maintained so as to clearly mark the location of accessible parking for wheelchair users because of Defendant's practice of failing to maintain the accessible parking surface and upright signage in violation of 28 C.F.R. § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010

ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff to suffer feelings of isolation, social exclusion, and loss of opportunity.

### ACCESSIBLE ENTRY DOORS
### (Tenant Spaces)

c. The tenant spaces' public entry doors have closers that close too quickly. Violation: The sweep speed settings of the door closers for the entrance doors have not been maintained properly by Defendant which has caused the doors' closing speeds to increase with time and use so that the time allowed to transition the door, from an open position of 90 degrees to a position of 12 degrees from the latch, is too brief to allow individuals with mobility impairments to enter and/or exit safely, independently and/or without difficulty, in violation of Section 4.13.10 of the 1991 ADAAG and Section 404.2.8 of the 2010 ADAAG. This accessible feature is not being maintained by Defendant in violation of 28 C.F.R. § 36.211. These violations prevented equal access to Plaintiff and caused Plaintiff to suffer feelings of isolation, social exclusion, and loss of opportunity.

### MAINTENANCE PRACTICES

d. Defendant has a practice of failing to maintain the accessible features of its facility, creating barriers to equal access for Plaintiff, as set forth herein, in violation of 28 C.F.R. § 36.211. This practice prevented access to Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff to suffer feelings of isolation, social exclusion, and loss of opportunity.

e. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, passage of time,

      exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed, and continues to fail, to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with its dynamic accessible elements in violation of 28 C.F.R. § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused Plaintiff to suffer feelings of isolation, social exclusion, and loss of opportunity.

    f.    Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 C.F.R. § 36.302 and 36.211. This failure by Defendant prevented access to Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff to suffer feelings of isolation, social exclusion, and loss of opportunity.

11.    The discriminatory violations described above are not an exhaustive list of Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the Subject Premises herself due to the architectural barriers present and encountered. A complete list of the Subject Property's ADA violations affecting Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once Plaintiff personally encounters discrimination, as alleged herein, or learns of

discriminatory violations through expert findings of personal observation, she has actual notice that Defendant does not intend to comply with the ADA.

12. Defendant's architectural barriers fail to meet the minimum requirements of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and the alleged violations set forth herein can be modified by Defendant to comply with the 1991 ADAAG standards.

13. Ms. Boyanton personally encountered, engaged and/or observed, or was deterred from engaging, one and/or all of the barriers described above on numerous prior occasions and most recently in May 2022. In engaging the barriers where she could judiciously do so and observing those which were visible where she could not, Plaintiff suffered legal harm and legal injury by being denied equal access and use of the Subject Property's products and services. She will continue to suffer such harm and injury as a result of the barriers to equal access and ADA violations that persist at Defendant's shopping plaza until the violations are corrected.

14. Plaintiff's access to the Subject Property and/or her full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited strictly because of Ms. Boyanton's disabilities. She will continue to be denied and/or limited in the future

unless Defendant is compelled to remove the physical barriers to access and correct the ADA violations that are noted and described in this Complaint.

15. Plaintiff has visited and/or been deterred from visiting the Subject Property on multiple prior occasions, most recently in May 2022. Having now filed suit, Plaintiff intends to perform visual inspections of the Subject Property when she is in the area of the facility, which occurs frequently. Ms. Boyanton intends to enter the stores within the shopping plaza as soon as the barriers to access and ADA violations detailed in this Complaint are removed.

16. Plaintiff intends on revisiting the Subject Property as a regular patron to enjoy the same opportunities, goods, and services available to Defendant's non-disabled patrons and she will visually inspect the Subject Property as a tester, but will not continue to repeatedly re-expose herself to the ongoing barriers to equal access and engage in the futile gesture of attempting to enter the stores within the shopping plaza, businesses of public accommodation, known to Plaintiff to have numerous and continuing ADA violations and unsafe barriers to equal access for wheelchair users.

## COUNT I

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, at that time, if a defendant had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. The Subject Property is a public accommodation and service establishment as defined by the ADA. 42 U.S.C. § 12181.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

20. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993—see above). 42 U.S.C. § 12181 et seq.; 28 C.F.R. § 36.508(a).

21. The Subject Property must be, but it is not, in compliance with the ADA and the ADAAG.

22. Plaintiff has attempted to, and has to the extent possible, access the Subject Property but could not fully do so because of her disabilities and the physical barriers to access, dangerous conditions and ADA violations that are allowed to exist at Defendant's Subject Property. These illegal conditions preclude and/or limit Ms. Boyanton's safe and equal access to the goods, services, facilities, privileges, advantages and/or accommodations offered therein. These barriers, conditions and ADA violations are specifically set forth in this Complaint.

23. Plaintiff intends to visit the Subject Property again in the very near future, but within the next 90 days or sooner, and with the same frequency thereafter for civil rights "tester" purposes, but also with the desire to gain equal access to and

be able to have the opportunity to utilize the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Subject Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit her access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations specifically set forth in this Complaint.

24. Defendant has discriminated against Plaintiff (and others with mobility disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

25. Defendant will continue to discriminate against Plaintiff (and others with mobility disabilities) unless and until it is compelled to remove all physical barriers to equal access and the other ADA violations that exist at the Subject Property, including those specifically set forth herein, thereby making the Subject Property accessible to and usable by Plaintiff and other wheelchair users.

26. Removal of those barriers to equal access, dangerous conditions, and ADA violations that were constructed prior to January 26, 1992, is readily

achievable and can be accomplished and carried out without much difficulty or expense to this Defendant. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

27. Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable, in part, because of the relative low cost of the necessary modifications and the fact that Defendant has the financial resources to make such modifications, even if only taking into account the annual $5,000.00 tax credit and $15,000.00 tax deduction ($20,000.00 every year) made available to Defendant by the government pursuant to Section 44 and Section 190 of the IRS Code.

28. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able-bodied individuals of the general public.

29. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the

maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 C.F.R. § 36.402. Finally, if Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

30. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted.

31. Plaintiff's requested relief serves the public interest.

32. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation, including expert fees, from Defendant pursuant to 42 U.S.C. §§ 12188, 12205 and 28 C.F.R. § 36.505. Plaintiff will be denied full and equal access to the Subject Premises as provided by the ADA unless the injunctive relief requested herein is granted.

33. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including, but not limited to, an Order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, an Order closing the Subject Facility until the requisite modifications are completed, and an Order directing Defendant to fulfill its continuing duty to maintain the accessible features at the Subject Premises in the future as mandated by 28 C.F.R. § 36.211.

**WHEREFORE**, Plaintiff prays as follows:

A. That the Court find Defendant in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant to (i) remove the physical barriers to equal access and (ii) alter the Subject Property to make it readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain and repair its accessible features and equipment in the future so that its property remains accessible to and useable by individuals with disabilities in the future, to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain and repair its accessible features and equipment in the future pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211;

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures towards persons with disabilities for such reasonable time so as to allow it to undertake and complete corrective activity;

F. That the Court award attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G. That the Court award interest upon the original sums of said award of attorneys' fees, costs (including expert fees), and other expenses of suit; and

H. That the Court award such other relief as the Court deems just and proper, and/or is allowable, under Title III of the Americans with Disabilities Act.

Respectfully submitted, this the 7th day of June, 2022.

By: *s/Andrew J. Smithart III*_____
Andrew J. Smithart III (ASB-4991-T82A)
*Attorney for Plaintiff*
**FULMER LAW FIRM, P.C.**
2330 Highland Avenue, South
Birmingham, AL 35205
Office: (205) 210-5555
Direct: (205) 765-8322
Email: ajs@jafulmerlaw.com

By: *s/John Allen Fulmer II*_____
John Allen Fulmer II (ASB-1089-O42F)
*Attorney for Plaintiff*
**FULMER LAW FIRM, P.C.**
2330 Highland Avenue, South
Birmingham, AL 35205
Office: (205) 210-5555
Email: jaf@jafulmerlaw.com